IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNEALL JONES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01489-X (BT) |
| | § | |
| CITY OF GRAND PRAIRIE, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronneall Jones brings this *pro se* civil rights action. The Court granted Jones leave to proceed *in forma pauperis* but has not issued process pending judicial screening. (ECF No. 6.) The Court should dismiss this case under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Jones initiated this action when he filed a complaint purportedly under 42 U.S.C. §§ 1983 and 1985 against various employees of the City of Grand Prairie, Texas on July 11, 2022. Compl. 2 (ECF No. 3). Jones's third amended complaint supersedes the other complaints he has filed and is the operative complaint for screening purposes. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier

1

pleading.") (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)).[1]

Jones sues the City of Grand Prairie; Sharocka Corbett, an officer at the Grand Prairie Police Department (GPPD); Steve Dye, City Manager and former Chief of Police at the GPPD; Calvin Brown, an officer at GPPD; Thai Nguyen, an officer at GPPD; Mike Tubaugh, an officer at GPPD; Bo Stegall, an officer at GPPD; Demoine Clark, an Internal Affairs Sergeant at GPPD; Cesar Guerra, an officer at GPPD; Daniel Scessney, the Assistant Chief of Police at GPPD; Tiffany Bull, the Assistant City Attorney; Patricia Newsworthy, the Deputy City Attorney/Prosecutor; Collin Dwyer, an officer at GPPD; and J. Hand, an officer at GPPD. 3d Am. Compl. (ECF No. 10); (ECF No. 10-1). Each defendant is named in their "personal and professional titles." (ECF No. 10-1 at 1).

Jones alleges that on January 15, 2018, his constitutional rights were violated when he was assaulted, illegally detained, and falsely arrested by Mike Tubaugh and Bo Stegall, officers with the GPPD. Compl. 4 (ECF No. 3). Jones further alleges that Officers Tubaugh and Stegall denied him the right to have a protest sign and walk with the sign during the Martin Luther King, Jr. Parade. *Id.* at 4-5. Jones contends that in response to the violations

---

[1] The Court gathered some contextual information from the original complaint that is not found in the third amended complaint.

of his constitutional rights, the City of Grand Prairie issued him a settlement, and all charges against him were dropped. *Id.* at 5. Jones further contends that neither Officer Tubaugh nor Officer Stegall were arrested for their unlawful conduct, which is consistent with GPPD's policy and custom not to discipline its police officers. *Id.* at 5-6.

Jones also alleges that on January 16, 2019, he was denied the right to run in the school board election when his criminal record was exposed. 3d Am. Compl. 4 (ECF No. 10); *see also* Compl. 6-7 (ECF No. 3). Jones further alleges that on April 30, 2019, Sharocka Corbett, an officer with GPPD, "falsified documents" to get him admitted to "MHMR," and Officer Corbett refused to properly write an accident report.  3d Am. Compl. 4 (ECF No. 10); *see also* Compl. 8 (ECF No. 3). Jones contends that Officer Corbett's two immediate supervisors were called in to rewrite the falsified documents. 3d Am. Compl. 4 (ECF No. 10). Steve Dye, the Chief of Police at GPPD at the time, provided "no form of negative feedback" to his employees for their "bad actions." *Id.* Bo Stegall and Mike Tubaugh, officers at GPPD, "conspired" against Jones with an off-camera supervisor to falsify disorderly conduct charges. *Id.* As relief, Jones seeks monetary damages. *Id.* He seeks to be compensated at the rate of $16 per hour for the job that he lost because of these events. *Id.* Jones also wants a yearly pay increase and increased pay rate to be included with his compensation.  *Id.* Last, he seeks to be

compensated for the money he spent on bail, towing expenses, and jail calls. *Id.*

### Legal Standards and Analysis

Jones's third amended complaint is subject to preliminary screening under 28 U.S.C. § 1915(e). That section provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Jones's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v.*

4

*Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Jones's third amended complaint fails to state a claim upon which relief can be granted.

The statute of limitations bars Jones's claims, as more than two years have elapsed since the events giving rise to his claims occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (the forum state's personal injury statute of limitations applies in section 1983 cases); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; courts can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) (section 1983 and 1985 actions in Texas are governed by a two-year statute of limitations).

Even if Jones's claims were not barred by the statute of limitations, to the extent that he sues the named defendants in their official capacities, the claims are actually against the City of Grand Prairie, and the City of Grand Prairie was named separately as a defendant. (ECF No. 10-1 at 1); *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official capacity lawsuits "generally represent only another way of pleading an action against an entity

of which an officer is an agent") (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). Jones's official capacity claims should also be dismissed on the basis they are duplicative.

In sum, Jones's third amended complaint fails to state a claim upon which relief may be granted. This case should therefore be dismissed under § 1915(e)(2)(B).

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Jones filed a complaint and three amended complaints. (ECF Nos. 3, 7, 9, 10.) The Court finds that Jones has pleaded his best case and granting leave to amend at this time would result in needless delay and an exercise in futility. *See Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding that plaintiffs "have pled their best case and granting leave to amend would be futile and cause needless delay" where plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

## Conclusion

For the reasons stated, the Court should DISMISS this case under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**SO RECOMMENDED**.

6

October 7, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).